DAVID LOPEZ, ESQ.  DL-6779
Attorney for Plaintiff
171 Edge of Woods Road
P.O. Box 323
Southampton, New York 11969-0323
Tel:              631.287.5520
Fax:              631.283.4735
e-Mail:     DavidLopezEsq@aol.com



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| DEBORAH DONOGHUE, | ) |
| Plaintiff, | ) ) ) ) |
| - against - | ) ) |
| CHINACAST EDUCATION CORPORATION, FIR TREE VALUE MASTER FUND, L.P and FIR TREE CAPITAL OPPORTUNITY MASTER FUND L.P. | ) ) ) ) ) ) ) ) |

COMPLAINT FOR RECOVERY OF
SHORT-SWING PROFITS
UNDER 15 U.S.C. 78p(b)

Jury Trial Demanded

**DEBORAH DONOGHUE**, by David Lopez, Esq., her attorney, complaining of the defendants, respectfully alleges the following upon information and belief, except as to paragraph 2, which plaintiff alleges on personal knowledge:

**JURISDICTION:**

1.      This action arises under the provisions of Section 16(b) of the Securities Exchange Act of 1934, as amended (the "Act"), 15 U.S.C. Section 78p(b), and jurisdiction is conferred upon this court by Section 27 of the Act, 15 U.S.C. Section 78aa.

1

**THE PARTIES:**

2. Plaintiff is a security owner of CHINACAST EDUCATION CORPORATION ("CHINACAST"), a Delaware Corporation with principal offices at 25th Floor, Qiang Sheng Mansion, No. 145 Pu Jian Road, Pudong District, Shanghai, 211217, People's Republic of China.

3. At all times relevant the common stock of CHINACAST was registered under Section 12(g) of the Act and was and is traded on NASDAQ through market makers located within this district.

4. This action is brought in the right and for the benefit of CHINACAST which is named as a party defendant solely in order to have all necessary parties before the court.

5. At all times relevant FIR TREE VALUE MASTER FUND, L.P. ("VALUE FUND") and FIR TREE CAPITAL OPPORTUNITY MASTER FUND, L.P. ("OPPORTUNITY FUND") were collectively, and VALUE FUND individually, beneficial owners of more-than-10% of the common stock of CHINACAST through their ownership of currently exercisable warrants to acquire common stock.

6. VALUE FUND and OPPORTUNITY FUND constituted a "group" under Section 13(d) standards in that, among other things, they were both parties along with CHINACAST to a certain letter agreement dated June 27, 2008, for the acquisition of shares of CHINACAST through the exercise of their warrants and through the purchase, for no additional consideration, of 459,925 shares as an

inducement to exercise their warrants. VALUE FUND and OPPORTUNITY FUND are under the common control of FIR TREE, INC.

8. VALUE FUND and OPPORTUNITY FUND acquired on June 27, 2008, upon the completion of the transactions to be recited herein, the prospective right to designate one director of CHINACAST so long as they remained more-than-10% beneficial owners of CHINACAST.

9. At June 27, 2008, contemporaneous with the transactions to be recited herein, VALUE FUND and OPPORTUNITY FUND had not exercised their prospective power to designate a director and were not then directors by deputization of CHINACAST.

10. VALUE FUND and OPPORTUNITY FUND maintain a principal place of business at c/o Admiral Administration Ltd., Admiral Financial Center, 5th Floor, 90 Fort Street, Box 32021 SMB, Grand Cayman, Cayman Islands and are found at 505 Fifth Avenue, 23rd Floor, New York, New York 10017, the offices of FIR TREE INC.

**STATUTORY REQUISITES:**

11. The violations of Section 16(b) of the Act to be described herein involve non-exempt securities in non-exempt transactions engaged in by non-exempt persons within the meaning of the Act.

12. Demand for prosecution was made on CHINACAST on July 15, 2008. More than 60 days have passed from the date of demand with CHINACAST

not responding. Further delay in the filing of suit would be a futile gesture, the mandatory statutory waiting period having been observed.

13. Some or all of the transactions to be described herein were effected in whole or in part within the Southern District of New York.

14. All defendants have principal places of business or are found within the Southern District of New York.

15. This action is brought within two years of the occurrence of the violations to be described herein or within two years of the time, if ever, when reports required by 15 U.S.C. 78p(a) setting forth the substance of the transactions here complained of were first filed with the Securities & Exchange Commission.

**FIRST CLAIM FOR RELIEF:**

16. VALUE FUND and OPPORTUNITY FUND received 459,925 shares of the common stock of CHINACAST on June 27, 2008, at no cost as an inducement to exercise CHINACAST warrants. This is a purchase within Section 16(b) of the Act.

17. VALUE FUND and OPPORTUNITY FUND had warrants for the purchase of 3,007,200 shares of CHINACAST amended on June 27, 2008, to reduce the exercise price from $5.00 per share to $4.25 per share, a material change.

18. A re-pricing of warrants is, as a matter of law, the cancellation of the pre-existing warrants and the issuance of new warrants. The cancellation of

4

warrants is deemed to be the sale of the shares underlying such warrants at a price equal to the contemporaneous market price of such shares. The re-pricing of the warrants held by VALUE FUND and OPPORTUNITY FUND was the deemed sale of 3,007,200 shares of CHINACAST.

19.   The foregoing purchase and sales may be matched against one another using the "lowest-in, highest out" method to yield profits recoverable from VALUE FUND and OPPORTUNITY FUND to the extent of their respective pecuniary interests in such profits. The amounts of such profits are unknown to Plaintiff but are estimated to approximate $2,000,000.

20.   Such profits are recoverable on behalf of CHINACAST by Plaintiff as a shareholder of CHINACAST, the latter having failed or refused to act in its own right and for its own benefit.

**SECOND CLAIM FOR RELIEF:**

21.   This Second Claim For Relief is a precaution against possible errors of details attributable to inaccuracies in the public record or the discovery of additional trades during the course of this action.

22.   VALUE FUND and OPPORTUNITY FUND, acting during periods not barred by the statute of limitations measured from the date of the filing of this complaint, purchased and sold or sold and purchased equity securities or equity security equivalents of CHINACAST within periods of less than six months of each other while more-than-10% beneficial owners of CHINACAST.

5

23. By reason of such purchases and sales or sales and purchases of its equity securities or equity security equivalents within periods of less than six months of one another while insiders of CHINACAST, VALUE FUND and OPPORTUNITY FUND realized profits, the exact amounts thereof being unknown to Plaintiff, which profits inure to the benefit, and are recoverable by plaintiff on behalf, of CHINACAST.

**WHEREFORE**, Plaintff demands judgment:

a) Requiring VALUE FUND and OPPORTUNITY FUND to account for and to pay over to CHINACAST the short-swing profits realized and retained by them in violation of Section 16(b) of the Act, together with appropriate interest and the costs of this suit;

b) Awarding to Plaintiff her costs and disbursements including reasonable attorney's, accountants and expert witness fees; and

c) Granting to Plaintiff such other and further relief as the court may deem just and proper.

Dated:   Southampton, New York
         September 29, 2008

Yours, etc.

_____
David Lopez, Esq.